**In re Michael E. SILUK, Jr., Petitioner.**

No. 13–3614.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21, Fed. R.App. P.
Oct. 10, 2013.

Opinion filed: Oct. 21, 2013.

Michael E. Siluk, Jr., Rockview Sci Bellefonte, PA, pro se.

District Attorney Dauphin County, Harrisburg, PA, for Defendant–Respondent.

Before: SMITH, HARDIMAN and VAN ANTWERPEN, Circuit Judges.

OPINION

PER CURIAM.

Michael Siluk, Jr. has filed a pro se petition for a writ of mandamus asking us to vacate our prior order affirming the denial of his first habeas petition pursuant to 28 U.S.C. § 2254. For the following reasons, we will deny the mandamus petition.

In 2002, Siluk was convicted in Pennsylvania of robbery, rape, and related offenses. After unsuccessfully pursuing both a direct appeal and a state post-conviction petition, he filed a habeas petition pursuant to 28 U.S.C. § 2254, in which he raised 25 claims of ineffective assistance. We granted a certificate of appealability with respect to two of his claims but ultimately determined that those claims had been procedurally defaulted. *See Siluk v. Beard,* 395 Fed.Appx. 817 (3d Cir. 2010). Siluk subsequently filed two applications to file a second or successive habeas petition, both of which we denied. *See In re Siluk,* C.A. No. 12–1389 (order entered Mar. 14, 2012); *In re Siluk,* C.A. No. 13–1827 (order entered May 17, 2013). He has now filed a petition for a writ of mandamus seeking for us to vacate our judgment in *Siluk v. Beard.* Specifically, Siluk alleges that he can overcome the procedural default pursuant to the Supreme Court's recent decision in *Martinez v. Ryan,* —— U.S. ——, 132 S.Ct. 1309, 1315, 182 L.Ed.2d 272 (2012), which held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. *See In re Diet Drugs Prods. Liab. Litig.,* 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking mandamus relief must demonstrate that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." *Hollingsworth v. Perry,* 558 U.S. 183, 190, 130 S.Ct. 705, 175 L.Ed.2d 657 (2010) (per curiam) (quotation marks

omitted). Siluk has not even attempted to demonstrate that he meets these requirements. In any event, we cannot issue a writ of mandamus to this Court. *Cf. United States v. Christian*, 660 F.2d 892, 893 (3d Cir.1981) (noting that federal appellate courts have traditionally issued the writ against the district courts). Accordingly, we will deny Siluk's petition for a writ of mandamus.